MADDOX, Justice.
This petition for certiorari raises the question whether the state showed that there existed a sufficient predicate to allow a deputy sheriffs use of information allegedly obtained from a confidential informant to establish probable cause for stopping the petitioner’s vehicle and seizing blue jeans, the subject matter of the underlying conviction.
The Court of Criminal Appeals [511 So.2d 274 (1987) ] did not write an opinion in the case, but the petitioner, pursuant to the provisions of Rule 39(k), Ala.R.App.P., asked that court to make the following findings of fact:
“(1) The police officers in this case based their decision to apprehend appellant Kenneth Gore and search his automobile upon information received by telephone from an unidentified confidential informant.
“(2) There was no testimony at trial either before the jury or in chambers as to the content or substance of the informant’s statements to Deputy Sheriff Bill Shaw or other police officers.
“(3) There was no testimony by Deputy Sheriff Bill Shaw or any other police officer showing the underlying circumstances upon which Deputy Bill Shaw or any other police officer based a reasonable belief that the informant was a credible person or that the information supplied by him was reliable.
“(4) There was no testimony by Deputy Sheriff Bill Shaw or any other law enforcement officer disclosing the circumstances, communicated to them by the informant, showing the basis for his conclusions.”
For a better understanding of the case, we have reviewed the record, and we conclude that it supports the petitioner’s requested statement of facts. Because the finding of probable cause in this case was based upon information allegedly provided *695 by a confidential informant, the state was required to meet the standard set out in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).
Based on the record in this case, we are of the opinion that the state failed in its burden of proving probable cause to conduct the search, because it did not lay a sufficient predicate to use the information supplied by the confidential informant.
Because our decision on this issue resolves this case in favor of the petitioner, we do not discuss his other claims. We do not hold that the state is foreclosed from retrying the defendant.
Based on the foregoing, the judgment of the Court of Criminal Appeals is due to be, and it is hereby, reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, ALMON, SHORES, BEATTY, ADAMS and HOUSTON, JJ., concur.